IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **COSMAS G. STRATIGOS** | ) | FILED: JULY 12, 2008 |
| | ) | 08CV3965 |
| **Plaintiff,** | ) | JUDGE PALLMEYER |
| | ) | MAGISTRATE JUDGE ASHMAN |
| v. | ) | No.: YM |
| | ) | |
| **TRANSPORT WORKERS UNION OF** | ) | Judge: |
| **AMERICA, LOCAL 512,** | ) | |
| | ) | |
| **Defendant.** | ) | **Trial by Jury Demanded** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, COSMAS GEORGE STRATIGOS, by and through his attorney, James T. Foley and the FOLEY LAW GROUP, LLC., and complaining of the Defendant, TRANSPORT WORKERS UNION OF AMERICA, LOCAL 512, (hereinafter TWU), states as follows:

## PARTIES

1.  The Plaintiff, COSMAS GEORGE STRATIGOS, is and was on May 09, 2006, and at all pertinent times, a resident of the City of Des Plaines, County of Cook and State of Illinois.

2.  Defendant, TWU is a Labor Union with its principle place of business in Elk Grove Village, State of Illinois.

3.  Plaintiff, COSMAS GEORGE STRATIGOS was employed by American Airlines from 1987 until his termination March 20, 2006 as a Fleet Service Clerk at Defendant's O'Hare Airport facility.

1

4. TWU was and is a Labor Organization engaged in an industry affecting commerce; was and is a subordinate to an international organization and has chartered a local labor organization which was and is representing and/or actively seeking to represent employees of American Airlines, Plaintiff's employer at the time of his termination, pursuant to and in keeping with 42 U.S.C. Section 2000 e (d) & (e) (1) (2) and (3).

## JURISDICTION

5. Jurisdiction of this court is invoked under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000 e [2] et.seq.

6. Venue is proper in this District pursuant to 28 U.S.C Section 1391 (b) and (c).

7. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## FACTS AND ADIMINISTRATIVE PROCEDURES

8. Plaintiff, COSMAS G. STRATIGOS began his employment with American Airlines (AA) in 1987 as a Fleet Service Clerk based at O'Hare Airport in Chicago, Illinois and he remained in that position until he was terminated by AA on March 20, 2006.

9. Plaintiff filed a charge of Employment Discrimination against the Labor Organization TWU, of which he was a member in good standing because the TWU failed

to adequately represent Plaintiff through the grievance procedure and on May 09, 2006, Defendant TWU refused to process his grievance.

10. A Right-to-Sue letter was issued from the Equal Employment Opportunity Commission on April 15, 2008 on the grounds that the EEOC was adopting the findings of the State or Local Fair Employment Practice Agency that investigated the charge, that Agency being the State of Illinois Department of Human Rights. Said Notice of Right-to-Sue was received by the Plaintiff on or about April 16, 2008. A copy of the Right-to-Sue letter is attached hereto, along with the findings of the State of Illinois, Department of Human Rights, which are incorporated herein and attached as Group Exhibit A, as though fully set forth.

11. This suit has been timely filed within ninety (90) days of Plaintiff's receipt of the Right-to-Sue letter.

12. At any and all relevant times, Plaintiff worked at American Airlines as a Fleet Service Clerk, and had done so for 18 years up to the time of his termination on March 20, 2006.

13. At any and all times, Plaintiff was a member in good standing with Defendant TWU, a Labor Organization within the meaning of the Act, and he was entitled to representation by said Labor Organization.

14. On March 20, 2006 Plaintiff was terminated by his employer American Airlines for the stated reason of dishonesty and misrepresentation of facts. Plaintiff denied that he was dishonest and further denied that he misrepresented any facts, and instead it is Plaintiff's contention that he provided his employer AA a viable explanation of his actions on the date in question.

15. Plaintiff on March 20, 2006 asked his Union Stewart an officer and agent of Defendant TWU to pursue a grievance against his former employer, American Airlines in order to be reinstated.

16. It is Plaintiff's contention that Defendant TWU failed to adequately represent Plaintiff through the grievance process and on May 09, 2006 the Defendant TWU refused to process his grievance beyond that point.

17. Plaintiff was discriminated against by Defendant TWU based upon his National Origin, in violation of the Illinois Human Rights Act and Title VII, the Civil Rights Act of 1964 as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COSMAS GEORGE STRATIGOS ASKS THE Court:

A. To enter judgment, upon the verdict of a jury, in his favor and against Defendant TWU, in the amount allowed by statute, for compensatory and punitive damages;

B. For equitable relief as may be appropriate to effectuate the purposes of the Act;

C. For attorney's fees and costs of this suit, including expert witness fees, pursuant to Title 42 U.S.C. Section 2000 e-5(k), incorporated into Section 107 of the Act.

Respectfully submitted,

COSMAS GEORGE STRATIGOS


By: s/James T. Foley
Attorney for Plaintiff

James T. Foley
FOLEY LAW GROUP, LLC.
580 Oakmont Lane
Westmont, Illinois 60559
(630) 908-3508
(630) 908-3509 Fax
jfoley@foleylawgroup.com

5

Apr 27 2008 9:24PM  HP LASERJET FAX

p.1

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

To: Rafael Molinary, Esq.
Law Office of Rafael Molinary
Attorneys at Law
3930 North Pine Grove Avenue, Suite 715
Chicago, IL 60613-5503

From: Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661-2511

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

EEOC Charge No.: 21B-2007-02680
EEOC Representative: Nola Smith, State & Local Coordinator
Telephone No.: (312) 886-5973

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*
John P. Rowe, District Director

APR 15 2008
(Date Mailed)

Enclosure(s)

cc: Transport Workers Union